UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAHEIM CHAPMAN-GREEN,

               Plaintiff,

       v.

CITY OF NEW YORK and MARK A. MATIAS,

             Defendants.

24-CV-1449 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

      Plaintiff Jaheim Chapman-Green, proceeding *pro se*, brought this action against Defendants City of New York and Officer Mark A. Matias, alleging claims of false arrest, violation of the First Amendment, excessive force, and illegal search and seizure of his vehicle. For the reasons that follow, the Court dismisses this action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, albeit without prejudice.

**BACKGROUND**

      Plaintiff filed a complaint in this action on February 26, 2024, ECF No. 1, which he amended on March 14, 2024, ECF No. 6. He consented to receiving electronic service. *See* ECF No. 2. On June 10, 2024, Defendants filed a motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 17. Plaintiff did not timely respond to the motion to dismiss. On October 9, 2024, the Court gave Plaintiff until November 8, 2024 to file a response to the motion to dismiss, and advised him that, if he failed to do so, the Court would decide the unopposed motion. ECF No. 21. In the same order, the Court ordered Plaintiff to file a letter by November 1, 2024 advising the Court of whether he intends to proceed further with this action, and cautioned him that failure to do so may result in dismissal pursuant to Federal Rule of Civil Procedure 41(b). *Id.* After not receiving an opposition to the motion to dismiss or a response

to its order, on November 15, 2024, the Court ordered plaintiff to advise the Court by December 2, 2024 whether he intends to proceed further with this action and again cautioned him that failure to do so may result in dismissal. ECF No. 22. Finally, on December 4, 2024, having not received any correspondence from Plaintiff, the Court ordered Plaintiff to advise the Court by December 13, 2024 whether he intends to proceed further with this action, and warned that failure to do so "*will* result in dismissal pursuant to Federal Rule of Civil Procedure 41(b)." ECF No. 23 (emphasis added). The Court has still not received a response from Plaintiff. He has thus not complied with the Court's Orders for more than two months, and he has not taken any action in this case since filing affidavits of service in April 2024, *see* ECF Nos. 13, 14.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b); *see Belliard v. Royal Bank of Scotland PLC*, 213 F.R.D. 144, 145 (S.D.N.Y. 2003) (dismissing an action *sua sponte* pursuant to Rule 41(b)). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.*

Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by

particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

## DISCUSSION

Several of the above factors weigh in favor of dismissing this action under Rule 41(b). First, the duration of Plaintiff's non-compliance is significant: Plaintiff has not communicated with the Court in eight months and has not complied with the Court's Orders for more than two months. *See, e.g.*, *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where the plaintiff had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue"). Second, the Court's previous Orders repeatedly warned Plaintiff that this action would be dismissed for failure to prosecute if he did not respond. *Cf. Mitchell*, 708 F.3d at 468 (affirming district court's dismissal of an action where its "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal"). Third, this case has been pending for almost a year, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Nonetheless, in light of Plaintiff's *pro se* status, the Court concludes that a "less drastic" sanction of dismissal without prejudice is more appropriate than dismissal with prejudice. *Baptiste*, 768 F.3d at 216 (quoting *Lucas*, 84 F.3d at 535). Any prejudice to Defendants has been minor as this case is at an early stage. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210

(2d Cir. 2001) ("[T]here is no evidence in the record that plaintiff's delay . . . caused any particular, or especially burdensome, prejudice to defendants beyond the delay itself."); *Ortega v. Mutt*, No. 14-CV-9703 (JGK), 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to the defendant was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity" (quoting *Amoroso v. County of Suffolk*, No. 08-CV-0826 (JFB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010))); *see also* 2 Moore's Federal Practice § 19.101 ("The alternative sanctions that the court should consider include . . . dismissal without prejudice.").

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to terminate all pending motions and close this case. The Clerk of Court is also respectfully directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:    December 20, 2024
         New York, New York

_____
Ronnie Abrams
United States District Judge